PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MARLON C. TAYLOR, ) | |
| ) | CASE NO. 4:18CV2750 |
| Petitioner, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** [Resolving ECF No. 1] |

*Pro se* Petitioner Marlon Taylor was confined at FCI Elkton when he filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 challenging the sentence imposed upon him in the United States District Court, Eastern District of Virginia, Case No. 2:10-CR-192 ("Criminal Case"). ECF No. 1. For the reasons that follow, this case is dismissed.

## I. Background

The Criminal Case began when Taylor's former girlfriend told the police that he had raped her. On December 1, 2010, Taylor was indicted on the charge of possession of a firearm after conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Taylor v. United States*, No. 2:10-CR-192, 2014 WL 12711976, at *1 (E.D. Va. Sept. 19, 2014). After a two-day jury trial, he was found guilty and sentenced to the maximum term of 120 months of imprisonment. *Id*. The trial judge found, by a preponderance of evidence, that Taylor's ex-girlfriend's account of the sexual assault was credible. *Id*. The sentencing judge noted that, even

(4:18CV2750)

without the rape, he would have had "no trouble" sentencing Petitioner to the statutory maximum term given Taylor's "long and egregious criminal record[.]" *Id*.

Taylor filed a direct appeal challenging his conviction. *United States v. Taylor*, 457 F. App'x 282 (4th Cir. 2011). The Fourth Circuit affirmed his conviction. *Id.* Taylor then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, but his motion was denied. *Taylor*, 2014 WL 12711976. Taylor appealed the district court's decision denying § 2255 relief, but the Fourth Circuit denied him a certificate of appealability, and the appeal was dismissed. *United States v. Taylor*, 600 F. App'x 152 (4th Cir. 2015).

Taylor now seeks relief under § 2241. He contends that the maximum statutory term to which he was sentenced and requirement that he register as a sex-offender are erroneous because they were based upon the "chicanery findings" in his presentence investigation report and resulting use of state court indictments related to his ex-girlfriend's allegations of rape and sexual assault, resulting in an enhancement of 18 offense levels to his federal sentence. ECF No. 1 at PageID #: 4-5. Petitioner further argues that the district court's application of sentencing enhancements violated his Sixth Amendment right to a jury trial and Fifth Amendment right to due process, resulting in a "fundamental defect" in his sentence for which he has no source of redress absent § 2241 habeas relief.[1] *Id.* at PageID #: 5-6, 10-11.

---

[1] In his § 2255 motion, Taylor raised the sentencing enhancement issue in the context of his claim that counsel was ineffective in failing to introduce prior evidence regarding his ex-girlfriend to prevent him from receiving "certain sentencing enhancements." *Taylor*, 2014 WL 12711976, at *5.

2

(4:18CV2750)

## II. Standard of Review

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[,]" the petition will be denied. Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)). As with all *pro se* filings, the Court evaluates Taylor's petition under a more lenient standard than pleadings prepared by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 challenge the execution of a sentence, while motions brought pursuant to 28 U.S.C. § 2255 in the court where a federal prisoner was convicted and sentenced challenge the validity of the conviction and sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Generally, a habeas corpus petition pursuant to § 2241 may not be used to challenge the validity of a conviction or sentence because "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001) (citing *Charles v Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999)).

But § 2255(e) contains a "savings clause" which provides a narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to challenge the legality of the prisoner's detention. It is the petitioner's burden to establish that the savings clause applies to his petition. *Hill*, 836 F.3d at 594 (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). Section 2255 is not inadequate or ineffective merely because a motion

3

(4:18CV2750)

under § 2255 has been previously denied or is procedurally barred. *Id.* (citing *Charles*, 180 F.3d at 756 ("[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petition has been denied permission to file a second or successive motion to vacate.") (internal citations omitted)).

### III. Analysis

A petition for a writ of habeas corpus under § 2241 must be filed in the district court that has jurisdiction over a prisoner's place of confinement. 28 U.S.C. § 2241(a). "As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction." *Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003). At the time the § 2241 petition was filed, Taylor was confined at FCI Elkton.[2]

When considering a § 2241 petition from a prisoner convicted in a different circuit, courts apply the procedural law from the circuit where the petition is filed, and the substantive law of the circuit in which the prisoner was convicted and sentenced. *See Burgess v. Merlak*, No. 17-4147, 2018 WL 5778364, at *1 (6th Cir. June 22, 2018) (applying Sixth Circuit's savings clause test in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016) to petitioner's § 2241 challenge to his

---

[2] Under § 2241, federal courts have jurisdiction to entertain habeas petitions only from prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This requires "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

4

(4:18CV2750)

enhanced sentence imposed in the Eastern District of North Carolina) (citing *Pittman v. Quintana*, No. 16-6857, 2017 WL 6759113, at *1 (6th Cir. Sept. 18, 2017) (citing *Hill*)); *see also Bender v. Carter*, No. 5:12-CV-165, 2013 WL 5636745, at *3 (N.D.W.Va. Oct. 15, 2013) (denying motion for reconsideration of the court's application of the Fourth Circuit's procedural rule as to savings clause test because the petitioner was confined in the Fourth Circuit, before considering the substantive law of the Sixth Circuit (where petitioner was convicted) regarding actual innocence) (citing *Eames v. Jones*, 793 F. Supp. 2d 747, 750 (E.D.N.C. 2011) (holding that the substantive law of the court of conviction should apply under the overarching procedural law of the court reviewing the petition)), *aff'd,* 564 F. App'x 694 (4th Cir. 2014).

The Court, therefore, applies the Sixth Circuit's test in *Hill* to determine whether Taylor may invoke the savings clause of § 2255 to bring a § 2241 challenge to his sentence enhancement imposed in the Criminal Case. If Taylor satisfies the Sixth Circuit's savings clause test, then the Court applies the substantive law of the Fourth Circuit, the circuit in which he was convicted, to the merits of the § 2241 petition.

In *Hill*, the Sixth Circuit established a savings clause test for cases in which, as here, the target of the § 2241 petition is a sentence enhancement:

> When seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect.

*Hill*, 836 F.3d at 595 (citations omitted).

The Sixth Circuit further elaborated on this new savings clause test:

5

(4:18CV2750)

> we reiterate that our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2 d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600 (citation details omitted).

Taylor was sentenced in May 2011, over six years after *Booker* was decided. Thus, Taylor cannot satisfy the first prong of *Hill's* savings clause test. *See Burgess,* 2018 WL 5778364, at *1 ("*Hill* is inapplicable to this case because Burgess was sentenced in 2012, after [*Booker* when] the guidelines became advisory.") (citation omitted). Nor has Taylor pointed to a retroactive change in statutory interpretation by the Supreme Court to establish the third element of *Hill's* savings clause test necessary to challenge a sentencing enhancement pursuant to § 2241.

Taylor's claim that the sentencing court erroneously enhanced his sentence and imposed sex offender registration requirements in violation of his Sixth and Fifth Amendment rights under the United States Constitution must be brought pursuant to § 2255. The fact that Taylor may now be precluded from challenging the validity of his sentence pursuant to § 2255 is not sufficient to satisfy § 2255(e)'s savings clause and permit the claim to be brought pursuant to § 2241. Failing to satisfy *Hill's* savings clause test to permit habeas review of a sentencing enhancement pursuant to § 2241, Taylor's claim is not cognizable.

### IV. Conclusion

For the foregoing reasons, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.

(4:18CV2750)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

   July 31, 2019       */s/ Benita Y. Pearson*   
Date                                         Benita Y. Pearson
                                              United States District Judge